UTAH *v.* UNITED STATES

No. 31, Orig.   Decided June 7, 1971—
Decree Entered May 22, 1972

### DECREE

It is ordered, adjudged and decreed that:

1. The United States of America, its departments and agencies are enjoined, subject to any regulations which the Congress may impose, such as in the interest of navigation or pollution control, from asserting against the State of Utah any claim of right, title, and interest:

(a) to the bed of the Great Salt Lake lying below the water's edge of Great Salt Lake on June 15, 1967,* with the exception of any lands within the Bear River Migratory Bird Refuge and the Weber Basin federal reclamation project;

(b) to the natural resources and living organisms in or beneath the bed of the Great Salt Lake as delineated in (a) above; and

(c) to the natural resources and living organisms either within the waters of the Great Salt Lake, or extracted therefrom, as delineated in (a) above.

2. The State of Utah is not required to pay the United States, through the Secretary of the Interior, for the lands, including any minerals, delineated in paragraph 1 above of this decree.

3. The basic question yet to be determined in this case is whether prior to June 15, 1967, the claimed doctrine

---

*The date of the deed from the United States to Utah.

of reliction applies and, if so, whether the doctrine of reliction vests in the United States, and thus divests the State of Utah, of any right, title, or interest to any or all of the exposed shorelands situated between the water's edge on June 15, 1967, and the meander line of the Great Salt Lake as duly surveyed prior to or in accordance with § 1 of the Act of June 3, 1966, 80 Stat. 192. A Special Master will be appointed by the Court to hold such hearings, take such evidence, and conduct such proceedings as he deems appropriate and, in due course, to report his recommendations to the Court.

4. There also remains the question whether the lands within the meander line of the Great Salt Lake (as duly surveyed prior to or in accordance with § 1 of the Act of June 3, 1966, 80 Stat. 192), and thus conveyed to the State of Utah, included any federally owned uplands above the bed of the Lake on the date of statehood (January 4, 1896) which the United States still owned prior to the conveyance to Utah. The Special Master appointed by the Court as provided in paragraph 3 above will also be directed to hold such hearings, take such evidence, and conduct such proceedings with respect to this question as he deems appropriate in light of his determinations with respect to the issues referred to him in paragraph 3 above and, in due course, to report his recommendations to the Court.

5. The prayer of the United States of America in its answer to the State of Utah's Complaint that this Court "confirm, declare and establish that the United States is the owner of all right, title and interest in all of the lands described in Section 2 of the Act of June 3, 1966, 80 Stat. 192, as amended by the Act of August 23, 1966, 80 Stat. 349, and that the State of Utah is without any right, title

or interest in such lands, save for the right to have these lands conveyed to it by the United States, and to pay for them, in accordance with the provisions of the Act of June 3, 1966, as amended," is denied.